IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN MCAFEE, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 15-1985 |
| STEVEN GLUNT, et al., : | |
| : | |
| Respondents. : | |

## ORDER

**AND NOW**, this __21st__ day of December, 2016, upon consideration of the Petition for Writ of Habeas Corpus (Doc. 1), the Response to Petition for Writ of Habeas Corpus (Doc. 14), the Response/Traverse To Commonwealth Answer To Writ of Habeas Petition, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (Doc. 16), and Petitioner's Objections to the Report and Recommendation (Doc. 19), **IT IS HEREBY ORDERED AND DECREED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**; and

3. There is no probable cause to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, C.J.**

1

---

<sup>1</sup> In the Report and Recommendation, Judge Heffley clearly and succinctly explains the reasons that the Petition for Writ of Habeas Corpus ("Petition") must be denied. Among other things, Judge Heffley correctly notes that it is usually not for a federal habeas court to reexamine a state court's decision on questions of state law. (R. & R. 11–12.)  In this case, the state court's determination that the evidence presented at trial was sufficient to prove Petitioner's constructive possession of a firearm, sufficiency of the evidence being a state law question, will not be disturbed.

The Court further agrees with Judge Heffley's recommendation that the Petition be denied despite Petitioner's contention that his conviction was undermined by the fact that the Government purportedly failed to present evidence that the firearm at issue was, in fact, operable and, therefore, a "firearm" within the meaning of the law.  This is because it is well-settled under Pennsylvania law that under these circumstances, the government need not prove that the firearm was operable at the time of the offense.  *See, e.g.*, *Commonwealth v. Thomas*, 988 A.2d 669, 672 (Pa. Super. Ct. 2009) (holding that a defendant's conviction for possession of a loaded revolver was valid even though the revolver was, in fact, inoperable at the time defendant was arrested); *Commonwealth v. Clark*, No. 137 WDA 2016, 2016 WL 4769488, at *1 (Pa. Super. Ct. July 8, 2016) (holding that even where defendant possessed a disassembled gun with a missing upper receiver component, evidence that the gun could have been made operational was sufficient to support defendant's conviction); *Commonwealth. v. Gainer*, 7 A.3d 291, 298 (Pa. Super. Ct. 2010) (holding that conviction for wrongful possession of a firearm was proper even though the firearm, at the time of the offense, had a defect that would have prohibited the gun from firing).

For the foregoing reasons, and for the reasons set forth in Judge Heffley's Report and Recommendation, the Petition must be denied.